UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| BRANDON RICHARDS,<br><br>    Petitioner,<br><br>V.<br><br>FRANCISCO QUINTANA, Warden,<br><br>    Respondent. | Civil Action No. 5: 17-121-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

Inmate Brandon Richards is confined at the Federal Medical Center in Lexington, Kentucky. Richards has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the imposition of prison disciplinary sanctions. [R. 1, 4] This matter is before the Court to conduct an initial screening of Richards's petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

On April 3, 2016, officer Hacker conducted a shakedown of the cell shared by Richards and five other inmates. Inside a vent hole in the bathroom, Hacker found two plastic baggies which contained about 120 pills of growth hormones. An Incident Report was issued charging Richards with Possession of Non-Hazardous Contraband, a Code 331 Offense. [R. 4-1 at 2]

A Disciplinary Hearing Officer ("DHO") held a hearing on April 15, 2016. Richards denied that the pills belonged to him, but did not present documentary or testimonial evidence in support of that claim. The DHO found Richards guilty of the disciplinary offense, finding that the pills were found in a readily-accessible part of his cell and noting that Richards is responsible for ensuring that his cell remained free of contraband. The DHO imposed various sanctions, including the disallowance of fourteen days of good conduct time. [R. 4-1 at 3-6]

In his petition, Richards challenges the disciplinary conviction on four grounds. First, he argues that the vent where the contraband was found is connected to ductwork which, in turn, is accessible via a common area to which numerous inmates have access. Second, Richards contends that the vent cover was twelve feet off the ground and hence was not easily accessible by him. Third, he argues that inmates cannot search vents in their cells, and hence ensure that they are free from contraband, without violating other prison rules. Finally, Richards contends that notwithstanding his lengthy incarceration, it was improper for the DHO to assume that he knew or should have known that vents are commonly used to hide contraband. [R. 4 at 5-6] Richards made none of these assertions before the DHO, but asserted them in his appeal from the disciplinary conviction.

When a prison disciplinary board takes action that results in the loss of good time credits in which the prisoner has a vested liberty interest, the Due Process Clause requires prison officials to observe certain protections for the prisoner. Specifically, the prisoner is entitled to advanced notice of the charges, the opportunity to present evidence in his or her defense, whether through live testimony or documents, and a written decision explaining the grounds used to determine guilt or innocence of the offense. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). Further, the findings used as a basis to revoke good time credits must be supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Selby v. Caruso*, 734 F. 3d 554, 559 (6th Cir. 2013).

Richards does not question the procedures followed to convict him of the disciplinary offense, but challenges only the DHO's ultimate conclusion that he was in constructive possession of the contraband. This Court's review of whether there was "some evidence" to support the DHO's conclusion to that effect is extraordinarily deferential: "[a]scertaining whether this standard is satisfied does not require examination of the entire record,

2

independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56 (emphasis added).

Richards's first and second arguments challenge the conclusion that he possessed the contraband by noting that other inmates in common areas might have been able to access the vent area in his cell through a suspended ceiling, and by asserting that the height of the vent cover made access from within his cell difficult. But the DHO concluded that Richards was in possession of the contraband because it was found in his cell, in an area that was easily accessible to Richards and his cellmates but not to other inmates. He reached this conclusion based upon both the statement of the reporting officer and his own inspection of the cell. [R. 4-1 at 4] The DHO therefore had ample factual grounds upon which to conclude that Richards was in possession of contraband. Cf. *Denny v. Shultz*, 708 F. 3d 140, 144-147 (3d Cir. 2013) ("Courts that have considered this question have uniformly held that the discovery of contraband in a shared cell constitutes 'some evidence' of possession sufficient to uphold a prison disciplinary sanction against each inmate in the cell, including depriving that inmate of his or her liberty interest in good time credits.") (collecting cases).

Richards's third and fourth arguments challenge the DHO's conclusion that he is responsible for maintaining his cell free from contraband, arguing that he didn't have reason to know that vents are often used by inmates to hide contraband, and that searching the vents would have violated prison rules. As an initial matter, the inmate's responsibility to keep his or her area free of contraband was not merely a conclusion reached by the DHO in this particular case, it is formally required by regulations applicable to all federal prisoners. 28 C.F.R. § 541.12 (2008); BOP Program Statement 5270.07. Further, Richards's second contention is pure supposition, his first strains credibility. Finally, the DHO noted that

3

Richards has occupied the same cell for two years, and thus had every reason to know whether contraband was present within it.  The DHO's conclusion that Richards was responsible for the contents of his cell is therefore both mandated by law in all cases and supported by some evidence in this one.

The Court shares the Third Circuit's observation that there is some risk in holding each inmates in a cell accountable for all of its contents.  *Denny*, 708 F. 3d at 147 ("We are not oblivious to the realities of prison life that might make it difficult or even dangerous for prisoners in shared cells to be affirmatively responsible for policing the illicit activities of their cellmates.").  But as that Court correctly noted, such accountability is appropriate to maintain security in a potentially dangerous environment.  *Id*. ("Nonetheless, the Due Process Clause requires us to balance a prisoner's liberty interest in good time credits against the prison's interest in maintaining a safe and secure environment.") (citing *Sandin v. Connor*, 515 U.S. 472, 478 (2005)).  Because prison officials had more than "some evidence" of Richards's possession of the pills, imposing disciplinary sanctions was consistent with the requirements of due process.

Accordingly, it is **ORDERED** as follows:

1. Richards's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated September 20, 2017.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY